UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MINDY E. PAYNE | ) | CASE NO. 09-33317(1)(7) |
| | ) | |
| Debtor | ) | |
| IN RE: | ) | |
| | ) | |
| JOHN H. PAYNE | ) | CASE NO. 09-33178(1)(13) |
| BRENDA S. PAYNE | ) | |
| | ) | |
| Debtor | ) | |

**MEMORANDUM-OPINION**

These matters are before the Court *sua sponte*, directing Petition Preparer, Leonard J. Bickers ("Bickers") to appear and show cause why he should not be enjoined from filing any further petitions or other papers in this Court for engaging in the unauthorized practice of law and violating 11 U.S.C. §110. A hearing was held on September 1, 2009, at which Scott Goldberg appeared on behalf of the United States Trustee and Bickers appeared on his own behalf. Both Bickers and the Trustee filed documentary evidence prior to the hearing.

**FINDINGS OF FACT**

1. Debtors John and Brenda Payne filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on June 26, 2009.

2. Debtor Mindy Payne filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on July 2, 2009.

3. Bickers acted as petition preparer on both Petitions and was paid $200 for his services for each Petition.

4. On Schedule C – Property Claimed as Exempt, to both Petitions, various items were listed as exempt. A citation to the Kentucky Revised Statute in support of the claimed exemption was listed next to each item.

5. The Debtors testified in both cases that they did no research on exemptions, did not understand the concept of an exemption, and that Schedule C was filled out by Bickers.

6. Mindy Payne has a mortgage on real property located in Bloomfield, Kentucky held by Wilson & Muir Bank. The mortgage is secured by the Bloomfield property.

7. Bickers filled out Schedule F – Real Property on Mindy Payne's Petition and indicated that Wilson & Muir Bank had a claim against Debtor valued at $53,783.00. The claim was listed as unsecured.

8. Mindy Payne's Petition also incorrectly stated that Payne had no income. This was contrary to Payne's testimony.

9. Bickers also testified that the Paynes gave him authority to get a copy of their credit reports for use in preparing the Petitions. Bickers told all of the Debtors that he was not a lawyer and could not provide legal advice.

## **CONCLUSIONS OF LAW**

The issue before the Court is whether Bickers' actions in filling out the Paynes' Petitions and Schedules violated 11 U.S.C. §110. The Court's inquiry centers on Bickers' fee of $200.00 and whether Bickers' actions went beyond those allowed by the statute on petition preparers and included conduct that constituted the unauthorized practice of law.

Bickers testified that he spent 4 to 5 hours preparing Mindy Payne's Petition and Schedules. He met with her, reviewed a questionnaire she filled out, her bills and a copy of her credit report. He also reviewed her debts and typed her Petition and Schedules.

Pursuant to 11 U.S.C. §110(h)(3), the Court shall disallow any fee charged by the preparer that exceeds the value of the services rendered. This Court recently determined that petition preparers should be paid no more than $25.00 per hour and that a routine petition should take no more than five hours to complete. See, In re Howard McFadden, No. 09-30765 (Bankr. W.D. Ky., filed May 14, 2009). Using these figures, any compensation greater than $125.00 is unreasonable. Bickers is ordered to return $75.00 to Mindy Payne and $75.00 to John and Brenda Payne.

Kentucky Supreme Court Rule 3.020 prohibits the practice of law by anyone without a license issued by the Supreme Court of Kentucky. The "practice of law" is defined in pertinent part as follows:

> The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities or business relations of one requiring the services.

Section 110 of Title 11 of the United States Bankruptcy Code sets forth the standards for petition preparers. Subsection (e)(2)(A) prohibits a petition preparer from offering legal advice. The type of services that a preparer can render are limited. In re Guittierz, 248 B.R. 287, 296, n. 25 (Bankr. W.D. Tex. 2000). This Court adopted the guidelines set forth in In re Bachmann, 113 B.R. 769 (Bankr. S.D. Fla. 1990) in In re Lyvers, 179 B.R. 837 (Bankr. W.D. Ky. 1995). These guidelines permit petition preparers to only copy the written information furnished by their clients. Preparers may not advise clients as to the various remedies and procedures available. Moreover, preparers may not make inquiries or answer questions as to the completion of certain forms nor advise how

3

to best fill out forms or complete schedules.  Preparers may not engage in personal legal assistance, including correcting errors and omissions.  Id. at 841.

Petition preparation does not include running a credit report for a debtor or on a debtor. Preparers do not advise clients on the appropriate statutory citation to support exemptions.  At most, petition preparers are scriveners and may type only what they are told by the debtor.  Bickers' conduct demonstrates he engaged in the unauthorized practice of law.

The Court determines that Bickers must return $75.00 of the excessive fee charged to Debtor Mindy Payne and $75.00 to Debtors John and Brenda Payne.  The Court also has the authority to permanently enjoin the petition preparer from engaging in any actions that constitute the unauthorized practice of law.  11 U.S.C. §110(j)(1).

Bickers violated several provisions of 11 U.S.C. §110.  The Court notes Bickers has previously entered into Agreed Orders with the United States Trustee in the Southern District of Ohio voluntarily withdrawing from the practice of petition preparer in that district.  11 U.S.C. §110(k) makes clear that Section 110 does not permit activities that are considered the unauthorized practice of law.  Here, Bickers advised Mindy Payne on whether the debt on her real property was secured or unsecured, incorrectly listed that she had no income and classified the Kentucky statutes on all of the Paynes' claimed exemptions.  These actions constitute the unauthorized practice of law.

The Court, however, will not permanently enjoin Bickers from preparing petitions in this district at this time.  Bickers testified that he met with the United States Trustee and will work with the Trustee's office in the future to prevent any conduct which constitutes the unauthorized practice of law.  Bickers will not advise clients regarding exemptions or advise clients on the content of their petitions.  The Court is convinced that Bickers now realizes that those actions which he may engage

4

in as a petition preparer are limited. Any future violations of 11 U.S.C. §110 by Bickers will, upon motion by the United States Trustee, result in permanent enjoinment in this district.

Finally, Bickers requested that this Court reconsider its Order denying his motion for discovery filed prior to the September 1, 2009, hearing. The Court denied the motion as moot. The request for discovery had no bearing on the matters addressed in the September 1, hearing which required Bickers to show cause why he should not be enjoined from filing any further petitions in this Court for violating 11 U.S.C. §110. Documents filed by the U.S. Trustee's office and submitted by the Trustee at the hearing were all matters of public record and not prejudicial to Bickers. Given the Court's ruling herein, there is no need to reconsider the Court's Order denying Bicker's request for discovery and it is denied.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Leonard Bickers is permanently enjoined from engaging in the unauthorized practice of law in the United States Bankruptcy Court for the Western District of Kentucky.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that Leonard Bickers is directed to pay Mindy Payne $75.00 of the fee that she paid to Bickers for preparation of her Petition and Schedules.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that Leonard Bickers is directed to pay John and Brenda Payne $75.00 of the fee that they paid to Bickers for preparation of their Petition and Schedules.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Leonard Bickers' Motion for Reconsideration on Discovery Order, be and hereby is, **DENIED**.

In the event that Leonard Bickers fails to abide by any of the terms of this Order, the Court may issue an injunction against Bickers pursuant to 11 U.S.C. §110(j)(3) upon the filing of a motion by the United States Trustee or other interested party.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 18, 2009